# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

NATHAN A.,

                Plaintiff,

v.

NANCY A. BERRYHILL, Deputy Commissioner of Social Security for Operations,

                Defendant.

CASE NO. C18-5251-MAT

ORDER RE: SOCIAL SECURITY DISABILITY APPEAL

Plaintiff proceeds through counsel in his appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner denied plaintiff's application for Disability Insurance Benefits (DIB) after a hearing before an Administrative Law Judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, this matter is REMANDED for further administrative proceedings.

## **FACTS AND PROCEDURAL HISTORY**

Plaintiff was born on XXXX, 1982.[1] He completed high school, spent twelve years in the military, including four deployments to a war zone, and has past relevant work as a stock clerk and data communications technician. (AR 176, 183, 2116.)

---

[1] Dates of birth must be redacted to the year. Fed. R. Civ. P. 5.2(a)(2) and LCR 5.2(a)(1).

ORDER
PAGE - 1

Plaintiff filed a DIB application on June 7, 2016, alleging disability beginning March 15, 2015. (AR 2082-83.) He is insured for DIB through December 31, 2020. Plaintiff's application was denied at the initial level and on reconsideration.

On March 21, 2017, ALJ Allen Erickson held a hearing, taking testimony from plaintiff, a vocational expert (VE), and plaintiff's spouse. (AR 1960-94.) At hearing, plaintiff amended his alleged onset date to May 15, 2015. (AR 1974-75.) On May 17, 2017, the ALJ issued a decision finding plaintiff not disabled. (AR 174-84.)

Plaintiff timely appealed. The Appeals Council denied plaintiff's request for review, first on September 22, 2017 (AR 13-18), and subsequently on January 24, 2018 (AR 1-6), making the ALJ's decision the final decision of the Commissioner. Plaintiff appealed this final decision of the Commissioner to this Court.

## JURISDICTION

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## DISCUSSION

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920 (2000). At step one, it must be determined whether the claimant is gainfully employed. The ALJ found plaintiff had not engaged in substantial gainful activity since the alleged onset date. At step two, it must be determined whether a claimant suffers from a severe impairment. The ALJ found plaintiff's post-traumatic stress disorder (PTSD) and dysthymic disorder severe. Step three asks whether a claimant's impairments meet or equal a listed impairment. The ALJ found plaintiff's impairments did not meet or equal the criteria of a listed impairment.

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess

residual functional capacity (RFC) and determine at step four whether the claimant has demonstrated an inability to perform past relevant work. The ALJ found plaintiff able to perform a full range of work at all exertional levels, but with the following nonexertional limitations: can understand, remember, and apply short, simple instructions; can perform routine, predictable tasks and make simple decisions, but not in a fast-paced production type environment; can be exposed to only few workplace changes; cannot interact with the general public; and can have only occasional interaction with co-workers. With that assessment, the ALJ found plaintiff unable to perform his past relevant work.

If a claimant demonstrates an inability to perform past relevant work, or has no past relevant work, the burden shifts to the Commissioner to demonstrate at step five that the claimant retains the capacity to make an adjustment to work that exists in significant levels in the national economy. With the assistance of the VE, the ALJ found plaintiff capable of performing other jobs, such as work as a kitchen helper, landscape specialist, and cleaner II.

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings supported by substantial evidence in the record as a whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). *Accord Marsh v. Colvin*, 792 F.3d 1170, 1172 (9th Cir. 2015) ("We will set aside a denial of benefits only if the denial is unsupported by substantial evidence in the administrative record or is based on legal error.") Substantial evidence means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

Plaintiff argues the ALJ erred at step three, in considering the opinion of his treating mental health provider, and in evaluating his RFC, and that the decision is not supported by substantial evidence. He also avers error in relation to evidence submitted to the Appeals Council. Plaintiff requests remand for an award of benefits or, in the alternative, for further administrative proceedings. The Commissioner argues the ALJ's decision has the support of substantial evidence and should be affirmed.

## Appeals Council Evidence

In denying the request for review, the Appeals Council stated that medical evidence from the Veteran's Administration (VA) dated between March 2004 and June 2017 did not show a reasonable probability it would change the outcome of the decision. (AR 2.) The Appeals Council did not consider or exhibit the evidence. The Appeals Council found other evidence submitted, all of which was dated after the ALJ's May 17, 2017 decision, did not relate to the period at issue and did not affect the decision about whether plaintiff was disabled beginning on or before that date. (AR 2.)

Plaintiff argues this matter should be remanded to the ALJ for consideration of the relevant and material evidence submitted to the Appeals Council. The Court agrees.

"[W]hen the Appeals Council considers new evidence in deciding whether to review a decision of the ALJ, that evidence becomes part of the administrative record, which the district court must consider when reviewing the Commissioner's final decision for substantial evidence." *Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1163 (9th Cir. 2012). This Court must, in other words, "determine whether the ALJ's finding of nondisability was supported by substantial evidence in the entire record – including any new evidence in the administrative record that the Appeals Council considered – not just the evidence before the ALJ." *Gardner v. Berryhill*, 856

ORDER
PAGE - 4

F.3d 652, 656 (9th Cir. 2017).

In this case, plaintiff submitted records dated both before and after the ALJ's decision. The fact that evidence post-dates the ALJ's decision reduces its relevance. *See, e.g.*, *Johnson v. Berryhill*, No. 15-35059, 2017 U.S. App. LEXIS 26257 at *4 (9th Cir. Dec. 21, 2017) (substantial evidence supported ALJ's determination where new evidence presented to Appeals Council "post-dates the ALJ's decision and is not relevant because it does not 'relate to the period on or before the ALJ's decision.'") (citation omitted); *Quesada v. Colvin*, No. 12-55546, 2013 U.S. App. LEXIS 11219 at *4-5 (9th Cir. Jun. 4, 2013) (evidence submitted to Appeals Council "would not have changed the outcome in the case because it post-dated the ALJ's decision and therefore was not relevant.") *See also Weetman v. Sullivan*, 877 F.2d 20, 23 (9th Cir. 1989) (finding medical opinion "all the less persuasive since it was obtained by Appellant only after the ALJ issued an adverse determination.") However, in this case, evidence post-dating the ALJ's decision remains relevant.

Some of the materials submitted to the Appeals Council are dated just over a month after the ALJ's May 17, 2017 decision. The materials notably include, for example, medical records related to a psychiatric hospitalization following a suicide attempt on June 23, 2017. (*See, e.g.*, AR 60-63 (admission evaluation reflecting impaired MSE, addressing PTSD and other symptoms, and findings a less restrictive alternative treatment had not been considered for the following reason: "Nathan is gravely disabled with loss of cognitive and volitional control and is high risk to be a danger to self and a danger to property.")) The records also include a June 27, 2017 letter from plaintiff's Licensed Mental Health Counselor Daniel Comsia. (AR 25-26.) Comsia's prior opinion evidence, dated in March 2017 and considered by the ALJ (AR 182, 2933-36), constituted the only opinion addressing plaintiff's functional capacity other than those provided by non-

ORDER
PAGE - 5

examining State agency psychologists and physicians. (*See also* AR 181 (the ALJ also considered the VA disability determination finding plaintiff partially disabled and awarding a ninety-percent disability rating, seventy percent of which was assigned to PTSD, and an Army Medical Evaluation Board decision dated in March 2016).) Comsia's June 2017 letter provides information relevant to the time period considered by the ALJ, including plaintiff's symptoms and Comsia's own observations over the course of four months of treatment. (AR 25-26.) Comsia also describes events close in time to the ALJ's decision, including a panic attack and the psychiatric hospitalization, wherein plaintiff became "so angry that he broke a window[,]" and reiterates his opinion plaintiff suffers from severe PTSD. (*Id.*)

Considering the evidence dated both prior to and close in time to the ALJ's decision, it is not clear whether the ALJ's decision retains the support of substantial evidence. The Court, as such, finds this matter subject to remand.

However, as the Commissioner argues, this case does not present the rare circumstances allowing for departure from the "ordinary remand rule" calling for remand to the agency for further administrative proceedings. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099-1100 (9th Cir. 2014). *See also Strauss v. Comm'r of Social Sec. Admin.*, 635 F.3d 1135, 1138 (9th Cir. 2011) ("A claimant is not entitled to benefits under the statute unless the claimant is, in fact, disabled, no matter how egregious the ALJ's errors may be.") Instead, outstanding issues remain and further administrative proceedings would serve a useful purpose. *Brown-Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015).

On remand, the ALJ should consider the record as a whole, including the materials submitted to the Appeals Council. The ALJ's review should include reconsideration of plaintiff's claim at step three, consideration of all opinion evidence, plaintiff's testimony, and all lay witness

ORDER
PAGE - 6

testimony, and should again address plaintiff's RFC and his ability to perform past relevant work and other work at steps four and five. Also, given the minimal medical opinion evidence in the record, the ALJ should call upon a medical expert to address plaintiff's PTSD, in conjunction with his other impairments, at step three and beyond.

## **CONCLUSION**

For the reasons set forth above, this matter is REMANDED for further administrative proceedings.

DATED this 29th day of January, 2019.

Mary Alice Theiler
United States Magistrate Judge